**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION NO. 14-00052-02** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **MARSHALL BROWN** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

This is a criminal action brought by the United States of America ("Government") against Defendant Marshall Brown ("Brown"). On July 7, 2014, Brown filed a Motion for Leave and to Request Rule for Particulars and Motion in Limine ("Motion for Bill of Particulars or in Limine") [Doc. No. 55]. On August 5, 2014, the Government filed a memorandum in opposition [Doc. No. 58].

For the following reasons, Brown's Motion for Bill of Particulars or in Limine is DENIED.

**BACKGROUND AND PARTIES' ARGUMENTS**

On March 13, 2014, a federal grand jury returned a five-count indictment against Brown. Brown is charged with one count of conspiracy to defraud the United States (Count 1), two counts of transfer or unauthorized use of food stamps (Counts 2 and 3), and two counts of wire fraud (Counts 4 and 5).

Brown moves the Court for a bill of particulars or, in the alternative, in limine to exclude evidence. In light of the voluminous discovery and the allegation that the conspiracy commenced in 2012, Brown is concerned that he may face allegations regarding conduct in furtherance of the

charges against him which were not detailed in the Indictment. Brown contends that, as it stands, Defendants must be prepared to defend every possible entry on every potential transaction. Consistent with Federal Rule of Criminal Procedure 7(f), Brown argues that the Court should issue a bill of particulars "showing the specific conduct of which is alleged as having taken place in furtherance of the conspiracy, for this defendant as well as the co-defendants." [Doc. No. 55-1, p. 2]. In the alternative, if the Government contends that Defendants' total conduct is contained within the allegations in the Indictment, Brown moves to exclude the introduction of any additional allegations at trial.

The Government opposes Brown's motion. The Government argues that the Fifth Circuit has previously ruled that a bill of particulars should not be used as a method of discovery, nor that the Government is limited to proving the overt acts identified in a bill of particulars. In this case, the Government contends that no bill of particulars is necessary because the Indictment itself places Brown on notice that he is charged with conspiring to execute a scheme to steal money from SNAP by exchanging cash for SNAP benefits and that he is alleged to have executed a scheme to steal money from SNAP by using interstate electronic transmissions to execute the scheme. The Government also points out that, as Brown admits, it has provided considerable discovery to him, which is likely in excess to what he is entitled under Federal Rule of Criminal Procedure 16(a). The Government's counsel conducted a telephone conference with defense counsel on August 1, 2014, during which he discussed the structure of the Indictment and the loss calculations. Defense counsel had the opportunity to pose questions to the case agents and financial analyst during the conference. Finally, the Government's counsel has also held informal conversations with defense counsel regarding this case.

**LAW AND ANALYSIS**

The purpose of a bill of particulars "is to apprise a defendant of the charges against him with enough detail to allow him to prepare his defense." *United States v. Kirkham*, 129 Fed. App'x 61, 71 (5th Cir. 2005) (citing *United States v. Montemayor*, 703 F.2d 109, 117 (5th Cir. 1983)); *see also United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978); *see also United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977) ("The purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of subsequent prosecution."). "A bill of particulars is not required if a defendant is otherwise provided . . . with sufficient information to enable him to prepare his defense and avoid surprise." *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991). "A defendant should not use the Bill of Particulars to 'obtain a detailed disclosure of the government's evidence prior to trial.'" *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978) (quoting *United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1973)).

A motion in limine, of course, may be granted by the Court to exclude evidence from trial under appropriate circumstances. However, "the government is not limited in its proof of a conspiracy to the overt acts alleged in the indictment." *See United States v. Wilson*, 657 F.2d 755, 763 (5th Cir. 1981)(citations omitted); *see also United States v. Netterville*, 553 F.2d 903 (5th Cir. 1977).

Having reviewed and considered the arguments of counsel, the Court finds that neither a bill of particulars nor the exclusion of evidence is appropriate in this case. Brown has been apprised of the charges against him, and his counsel has had the further means of learning the

Government's case against him through discovery, as well as formal and informal conversations with the Government's counsel, agents, and expert. Under these circumstances, the Court finds that Brown has been provided those rights due to him, so that he can sufficiently prepare his defense and avoid surprise. Likewise, the Court finds that the Government's proof at trial should not be limited to the overt acts alleged in the Indictment.[1] For these reasons, Brown's Motion for Bill of Particulars or in Limine [Doc. No. 55] is DENIED.

MONROE, LOUISIANA, this 11th day of August, 2014.

Robert G. James

**ROBERT G. JAMES**
**UNITED STATES DISTRICT JUDGE**

---

[1]The Government is charged with proving at trial that one of the alleged conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Indictment, in order to accomplish some object or purpose of the conspiracy. *See* Fifth Circuit Pattern Jury Instruction § 2.20A.